FILED
U.S. DISTRICT COURT

2007 JUL 17  A 9: 55

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

RECEIVED CLERK

JUL 13 2007

U.S. DISTRICT COURT

Christopher M. Nemelka, Pro-Se
8851 South Alta Canyon Dr.
Sandy, Utah 84093
(801) 928-8154

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH—CIVIL DIVISION

| | |
|---|---|
| CHRISTOPHER M. NEMELKA,<br><br>    Plaintiff,<br>vs.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Non-Profit Corporation, JEFFREY R. HOLLAND, an individual, RUSSELL M. BALLARD, an individual, DENIS P. SMITH, an individual, HYRUM W. SMITH, an individual, and JOHN AND JANE DOES, 1-10.<br><br>    Defendants. | **COMPLAINT**<br><br>Case: 2:07cv00524<br>Assigned To : Cassell, Paul G.<br>Assign. Date : 7/17/2007<br>Description: Nemelka v. Corp of Pres Church of Jesus Christ of LatterDay Saints et al<br><br>JURY TRIAL REQUESTED |

Plaintiff, CHRISTOPHER M. NEMELKA, pro se, hereby complains of Defendants, THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, JEFFREY R. HOLLAND, RUSSELL M. BALLARD, DENIS P. SMITH, HYRUM W. SMITH, and JOHN AND JANE DOES, 1-10 and for causes of action alleges as follows:

## JURISDICTION

1. Jurisdiction is proper for this Court because of diversity of citizenship in that some of the Defendants do not reside in the State of Utah. FURTHER, though the amount in controversy is not stated, but open for a jury to determine, it is believed that this amount will far exceed the interests and costs of the sum specified by 28 USC 1332.

## NATURE OF THIS ACTION

2. In a letter dated June 18th, 2007, a good faith attempt was made by the Plaintiff, CHRISTOPHER M. NEMELKA, to avoid this action. The Defendants ignored the attempt.

3. In this action, the Plaintiff seeks damages and relief for acts of civil and criminal defamation according to the following Utah Codes and any Federal Codes that codify and support the following:

**45-2-2. Libel and slander defined.**
(1) "Libel" means a malicious defamation...to impeach the honesty, integrity, virtue or reputation... of one who is alive, and thereby to expose him to public hatred, contempt or ridicule.
(2) "Slander" means any libel communicated by spoken words.

**76-9-404. Criminal defamation.**
(1) A person is guilty of criminal defamation if he knowingly communicates to any person orally or in writing any information which he knows to be false and knows will tend to expose any other living person to public hatred, contempt, or ridicule.

**76-9-401. Definitions.**
(3) "Public" includes any professional or social group of which the victim of a defamation is a member.

4. The Defendants' actions have exposed and will continue to expose the Plaintiff to public hatred, contempt, or ridicule, owing substantially to the public positions of trust the Defendants hold and the magnitude of their social accomplishments, all of which the public perceives as viable and important sources of truth and integrity.

5. The Defendants' actions have curtailed and will curtail the acceptance and dissemination of the publication, market and value of the Plaintiff's literary works. FURTHER, their actions have and will curtail the progression, value, and outcome of the *Worldwide United Foundation*, a publicly incorporated entity established to end worldwide poverty and inequality which was founded by the Plaintiff.

## PARTIES

6. Plaintiff, CHRISTOPHER M. NEMELKA is a current resident of Utah County, with a mailing address of: 8851 South Alta Canyon Drive, Sandy, Utah, 84093.

7. Upon information and belief, the Defendant, THE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, is a Utah Non-Profit Corporation and its headquarters are found at 47 East South Temple, Salt Lake City, Utah, 84150.

8. Upon information and belief, the Defendant, JEFFREY R. HOLLAND is an employee of THE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY

SAINTS.  Mr. Holland is also a member of the QUORUM OF THE TWELVE APOSTLES of the LDS Church.  According to paralegal investigation, the proper and legal agent for this Defendant is the law offices of KIRTIN & McCONKIE, 1800 Eaglegate Tower, 60 East South Temple, Salt Lake City, Utah, 84111.

9. Upon information and belief, the Defendant, RUSSELL M. BALLARD is an employee of THE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS.  Mr. ~~Holland~~ Ballard is also a member of the QUORUM OF THE TWELVE APOSTLES of the LDS Church.  According to paralegal investigation, the proper and legal agent for this Defendant is the law offices of KIRTIN & McCONKIE, 1800 Eaglegate Tower, 60 East South Temple, Salt Lake City, Utah, 84111.

10. Upon information and belief, the Defendant, DENIS P. SMITH resides at 491 Crawford Street, Golden, Colorado, 80401.

11. Upon information and belief, the Defendant, HYRUM W. SMITH resides in Gunlock, Utah, 84733 (PO Box 40) and is the owner and proprietor of EAGLE MOUNTAIN RANCH in Gunlock.

## BACKGROUND FACTS

12. The Plaintiff was employed by the Defendant, THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS (hereafter referred to as "The Church"), as a Security Officer from approximately 1984

through 1987. His duties included, but were not limited to, security rounds and checks made in all areas and locations held by the Church situated in and around downtown Salt Lake City, Utah, and other areas of corporate and religious interest. These areas included but were not limited to the Administration Building, Church Office Buildings, Salt Lake Temple, Temple Square, Church Museum, Genealogical Library, all underground pathways, sites, rooms, and accesses, and any other locations of interest and value to the Church.

13. In the same manner and means as the founder of the Mormon (LDS) faith and/or religious sect or church, Joseph Smith Jr., the Plaintiff was called to translate the sealed portion of ancient plates known as *The Book of Mormon*. This calling took place on the upper floor of the Salt Lake Temple on Tuesday, June 16, 1987.

14. Subsequent to this peculiar calling, the Plaintiff informed a member of the Council of the Twelve Apostles, David B. Haight (now deceased) of this calling. After counseling with Mr. Haight and those by whom he received the call to translate, the Plaintiff decided to quit his employment as a Security Officer for the Church. In or about March of 1988, the Plaintiff voluntarily terminated his employment with the Church and moved from the State of Utah.

## FIRST CAUSE OF ACTION

15. Since his departure from the Church, the Security Department of the Church has held a confidential file on the Plaintiff in which he is described as an "apostate," "deceiver," "manipulator," "liar," "con artist," "polygamist," and other derogatory appellations which defame his character and impeach his honesty, integrity, and public standing. This file is included with others who are known as "10-96" individuals—a term used by law enforcement and military officials to categorize *"deranged individuals."*

16. The sealed portion of the ancient plates known as *The Book of Mormon* was translated and first published in October of 2005 and is known as *The Sealed Portion—The Final Testament of Jesus Christ*. Since its publication, many mainstream, active and loyal members of the Church have become inactive or left the religion because of the revelations about the Church and its doctrine, its practices, and its leaders contained therein.

17. Upon leaving the Church, many of these members have been ridiculed, publicly defamed and have lost their standing in their community due to the actions of the local leaders of the Church. FURTHER, these leaders have contributed to the defamation of the Plaintiff in the process of counseling and warning these members of excommunication for reading and accepting *The Sealed Portion*.

## SECOND CAUSE OF ACTION

18. On August 4th, 2006, the Plaintiff attended a public dance at the Poway LDS Stake Center, 15705 Pomerado Road, Poway, California. He attempted to say hello to a friend and acquaintance; she immediately withdrew from the Plaintiff as if she were frightened. After a short time, the Plaintiff was confronted by a man who identified himself as the "Priesthood Leader in charge of the event." This leader asked if the Plaintiff was Christopher Nemelka associated with the "sealed book." The Plaintiff was publicly ridiculed, taken out of the dance hall and thrown off Church property.

## THIRD CAUSE OF ACTION

19. On or about March of 2007, Ms. Ida Smith received *The Sealed Portion* and the book entitled *666, the Mark of America—Seat of the Beast, The Apostle John's New Testament Revelation Unfolded*. Ms. Smith immediately felt the veracity of these literary works and consequently informed her brother, the Defendant Hyrum Smith, whom she respected greatly for his opinion and standing in the Church. Subsequent to his reading the book, Hyrum Smith gave the book to his brother, Defendant Denis P. Smith, who is also a prominent member of the Church. Both Ms. Smith and her brothers have been lifelong members of the Church, and are very well connected to its highest authorities.

20. After each brother had considered and/or read the books, each responded via personal e-mail and told Ms. Smith that they had direct authority from the leaders of the Church, particularly, Elder Russell Ballard and Elder Jeffrey Holland of the First Quorum of the Twelve Apostles, concerning the Plaintiff. The e-mails read in part as follows:

> "*...the evidence of forgery and deceipt [sic] are all over this thing. Denis talked with Russ Ballard, who talked to Jeff Holland and reported back to Denis that Nemelka is now into Polygamy and preying on 'believers' of his fraud.*"
>
> "*As for meeting the man to get to know him, in all honesty I would compare that to having a desire to meet Hitler after reading portions of "Mein Kampf." I find it ludicrous to think that sexual perverts are somehow exempt from their actions...*"

21. From a letter written to Ms. Smith by the Defendant, Hyrum Smith, on April 19th, 2007, the following is an excerpt:

> "*I have done* extensive *research into his past and present. All of the evidence points to this fellow being a fraud.*"

22. On May 9th, 2007, the Defendant Hyrum Smith sent the following to Ms. Ida Smith:

> "*I talked to Jeff several times, Please call him at [sic] talk to him yourself. His number is (801) 240-1000. Many "crazies" have come and gone and the Church has kept silent on them. I think that is wise, because they all die eventually of their own weight.*"

## FORTH CAUSE OF ACTION

23. Consequently, from her brothers' advice and her trust in the opinion and leadership of the Apostles of the Church, Ms. Smith called the Defendant, Jeffrey Holland. He was not available but eventually returned her call on or about June 12, 2007. Suspicious that the Church was "*out to get*" the Plaintiff, and wanting to assure the integrity and honesty of her conversation, Ms. Smith recorded the telephone conversation with Jeffrey Holland.

24. The following defamatory statements were made by the Defendant, Jeffrey Holland during the conversation: (The following are a few comments, but are not all of them.)

> *"The guy is a Whacko...he's not in touch with reality."*
>
> *"He was an employee here as security, sort of a parking lot security guard."*
>
> *"...He went off the deep end."*
>
> *"...He got into polygamy...one aberration after another."*
>
> *"...my personal assessment...very sort of unstable situation...his behavior and his track record into polygamy..."*
>
> *"...his local priesthood leaders have* (talked to the Plaintiff) *and he's been disciplined...he's met with his local priesthood leaders repeatedly..."*
>
> *"...he was initially let go from the security department...I'd tried to work with him."*
>
> *"...it's not going to come to somebody down at Joe's Bar and Grill."*

*"...nor am I very comfortable with these walking and talking resurrected Nephites or starting polygamy."*

## CONCLUSION

25. The Defendants do not want the truth about the Plaintiff to come to light, as it will show that the mission and authority to bring to the world the sealed portion of *The Book of Mormon*, as it was given in the like manner to Joseph Smith Jr., came from outside of the Church. The facts will show that this is the case. To protect themselves and their cause and agendas, the Defendants will continually lie, withhold the facts, defame the Plaintiff, and use any power within their means, which in the case of the Defendants is substantial and widespread, to dissuade others from reading the book or accepting the testimony of the Plaintiff regarding the truth of his work and his experiences leading up to it.

26. Because of the actions of the above named Defendants, the potential for public scrutiny and abasement is substantial. His life and reputation as well as those who have read his works and have left the Church have been permanently damaged. The Defendants' actions have caused and will continue to cause irreparable damage, loss and injury to the Plaintiff and his cause, for which there is no adequate remedy except by law.

**WHEREFORE,**

27. The Plaintiff is entitled to damages for the acts of the Defendants, the amount of which is to be determined by a jury of his peers, taking into account the evidence, and awarding the damages to the purpose of his work—the perpetuation of the Worldwide United Foundation—which will far exceed $75,000.

28. The Plaintiff is also entitled to an award of compensatory and punitive damages, which shall be determined by a Jury, for the Defendants' past and continuation in defaming his character.

29. The Plaintiff is further entitled to recover costs of this action, his travel expenses to appear and bring this action, and any other sanctions the court finds reasonable and acceptable.

## JURY DEMAND

Pursuant to Rule 38(a) and (b) of the Federal Rules of Civil Procedure, the Plaintiff demands a trial of all issues by jury.

DATED this 13th day of JULY, 2007.

_____
CHRISTOPHER M. NEMELKA, pro se

Serve the Defendants at the following addresses:

**CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-SAINTS, JEFFREY R. HOLLAND,** and **RUSSELL M. BALLARD**

**c/o KIRTIN & McCONKIE**
1800 Eaglegate Tower
60 East South Temple
Salt Lake City, Utah 84111

**HYRUM W. SMITH**
Eagle Mountain Ranch
Gunlock, Utah 84733 (PO Box 40)

**DENIS P. SMITH**
491 Crawford Street
Golden, Colorado, 80401.

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED CLERK
JUL 13 2007
U.S. DISTRICT COURT

## I. (a) PLAINTIFFS
CHRISTOPHER M. NEMELKA

**DEFENDANTS**
CORPORATION OF THE PRESIDENT OF THE LDS CHURCH
RUSSELL M. BALLARD, JEFFREY R. HOLLAND, HYRUM W

FILED
U.S. DISTRICT COURT
2007 JUL 17 A 9:55
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

(b) County of Residence of First Listed Plaintiff **SALT LAKE COUNTY**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **SALT LAKE COUNTY**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
PRO SE, 8851 South Alta Canyon Dr., Sandy, Utah 84093

Attorneys (If Known)
KIRTIN and McCONKIE, 60 East South Temple, SLC, UT 84111

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☒ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 USC 553
Brief description of cause:
Defendants have slandered and continue to slander the Plaintiff

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ over $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE July 13, 2007
SIGNATURE OF ATTORNEY OF RECORD /s/ Chris Nemelka

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____

Case: 2:07cv00524
Assigned To : Cassell, Paul G.
Assign. Date : 7/17/2007
Description: Nemelka v. Corp of Pres
Church of Jesus Christ of LatterDay
Saints et al